UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANGELO PADULLA,
    Plaintiff,

v.                              C.A. No. 19-363JJM-PAS

TANYA MOURATO POLAK,
    Defendant.

ORDER

Plaintiff Angelo Padulla filed an Amended Complaint against defendant Tanya Mourato Polak for libel. ECF Nos. 1 and 12. He asserts diversity jurisdiction under 28 U.S.C. § 1332, alleging the amount in controversy is more than $100,000.00. ECF No. 1 at 1, ¶ 3.

Ms. Polak moves to dismiss claiming that this Court lacks subject matter jurisdiction because the amount in controversy is not greater than the jurisdictional amount and so Mr. Padulla has not alleged the sum in good faith and any claim for damages is much less than that to a legal certainty. ECF No. 13-1.

The Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938), established the test for determining whether the amount in controversy requirement is satisfied:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*Id.* at 288–89 (1938). *See also Abel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41–45 (1st Cir. 2012) and *Insurance Brokers West, Inc. v. Liquid Outcome, LLC*, 874 F.3d 294, 297 (1st Cir. 2017).

"Good faith is measured objectively; 'the question ... is whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth' more than the jurisdictional amount." *Abel-Aleem*, 665 F.3d at 41 (citing *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995)). If the sum claimed is made in good faith, the court limits its inquiry to determining whether it is "a legal certainty that the claim is really for less than the jurisdictional amount." *Insurance Brokers West, Inc.*, 874 F.3d at 297. That said, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury*, 303 U.S. at 289.

Here it does not appear from the face of the Amended Complaint that Mr. Padulla alleged the jurisdictional amount in good faith. This Court can say to a legal certainty the amount in controversy is less than the jurisdictional amount necessary for this Court to have subject-matter jurisdiction over this controversy. There are no plausible allegations that Ms. Polak's statement damaged Mr. Padulla more than $75,000. For example, there is no allegation that Mr. Padulla's business was damaged by a loss of revenue or profits of over $75,000 because of Ms. Polak's

statements. In fact, the opposite conclusion is more plausible—Mr. Padulla's three businesses produce a total of $100,000 in revenue. It is not plausible, based on the facts alleged, that the comments about one of Mr. Padulla's businesses made by Ms. Polak would cause a loss of revenue of seventy-five percent of his total business revenue from his three businesses.

Because Mr. Padulla has not plausibly alleged an amount in controversy more than $75,000, this Court lacks subject matter jurisdiction. The Court GRANTS Ms. Polack's Motion to Dismiss. ECF No. 13.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 12, 2019